42 F.3d 1388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy FRENCH, Plaintiff-Appellant,
v.
Pete OLDHAM, Comptroller; Al C. Parke, Warden, Defendants-Appellees.
 No. 94-5664.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1994.
 
 1
 Before: MILBURN, SUHRHEINRICH and LAY,* Circuit Judges.
 
 ORDER
 
 2
 Roy French appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 French filed his complaint in the district court alleging that he was assigned a prison job in retaliation for his prisoner litigation in violation of his First Amendment rights. Defendants filed an initial motion for summary judgment, and plaintiff responded in opposition. The district court denied the motion, and defendants filed a supplemental motion for summary judgment. Plaintiff again responded in opposition and filed a cross-motion for summary judgment. The district court granted summary judgment for defendants. A timely Fed.R.Civ.P. 59(e) motion for relief from judgment was denied and this timely appeal followed. The district court granted plaintiff leave to proceed in forma pauperis on appeal. On appeal, plaintiff reasserts his claim that he was assigned a prison job for retaliatory reasons. Defendants have notified the court that they do not intend to file a brief on appeal.
 
 
 4
 Upon consideration, we affirm the judgment for the reasons stated by the district court in its summary judgment entered February 18, 1994. Essentially, plaintiff showed no genuine issue of material fact remaining for trial with respect to whether defendants were motivated by plaintiff's litigation in violation of his First Amendment rights. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). The desire of prison officials to reduce plaintiff's excessive use of free photocopying does not demonstrate an intention to stop plaintiff from filing cases or to hinder plaintiff's pursuit of cases he had pending.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Donald P. Lay, U.S. Circuit Judge for the Eighth Circuit, sitting by designation